OPINION *Page 2 
{¶ 1} Appellant-mother Brandi Hickman appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, which granted temporary legal custody of her child, A.H. to the juvenile child's maternal grandmother.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 2004, Appellant Brandi Williams was residing in the State of Washington. During that year, she signed and executed a Power of Attorney designating her mother, Sandra Peters, as the attorney of fact for her son, A.H., a juvenile. The Power of Attorney was filed in the Licking County Court of Common Pleas, Juvenile Division, under Case No. G2004-081. The juvenile moved to Newark, Ohio, and resided with Sandra Peters.
 {¶ 3} On October 31, 2006, Brandi Williams filed a second Power of Attorney designating Sandra Peters as attorney of fact for A.H.. The Power of Attorney was filed in the Licking County Court of Common Pleas, Juvenile Division under Case No. G2006-0866. As referenced in the Judgment Entry filed November 15, 2006, the Appellant-mother requested the Power of Attorney continue because of family problems in the home pertaining to the minor child's brother.
 {¶ 4} A.H. has resided in Newark, Ohio, with Sandra Peters since 2006.
 {¶ 5} On February 26, 2008, the State of Ohio filed a Complaint alleging that juvenile, A.H., committed the offenses of Petty Theft in violation of R.C. § 2913.02(A)(1) and Carrying a Concealed Weapon in violation of R.C. § 2923.12(A)(1).
 {¶ 6} On that same day, the Licking County Court of Common Pleas, Juvenile Division, appointed Attorney Jill Cochran to serve as the juvenile's attorney and *Page 3 
guardian ad litem. The juvenile appeared before the trial court for an arraignment on the charges, and the juvenile entered pleas of deny.
 {¶ 7} In a Judgment Entry filed February 26, 2008, the trial court ordered the juvenile to remain in detention based upon the seriousness of the offense, the potential flight risk of the juvenile, and the fact that the juvenile's natural mother, Appellant Brandi Williams, resided in the State of Washington.
 {¶ 8} The State of Ohio filed a Motion to Amend the Complaint to correct the level of offense charged and the citation to the Ohio Revised Code Section under which the juvenile was charged.
 {¶ 9} On February 28, 2008, Attorney Jill Cochran filed a Motion for Detention Review hearing. Attorney Jill Cochran filed a Motion to Withdraw as the juvenile retained Attorney W. Jeffery Moore to represent him. Attorney Jill Cochran was granted leave to withdraw as attorney of record.
 {¶ 10} On March 7, 2008, the Licking County Court of Common Pleas, Juvenile Division, held a detention review hearing. Pursuant to a Magistrate's Order filed March 7, 2008, continued detention of the juvenile was ordered.
 {¶ 11} On March 24, 2008, the State of Ohio filed its Response to Request for Discovery, Notice of Intent, and State's Request for Discovery.
 {¶ 12} On March 28, 2008, the Licking County Court of Common Pleas, Juvenile Division held another detention review hearing. At that time, the Magistrate ordered the juvenile released from detention subject to conditions of house arrest, temporary teens of court supervision, random drug and alcohol tests, and no contact with Appellant. The *Page 4 
juvenile was released into the care and custody of his aunt and uncle, Wendy and Joseph Stanzione.
 {¶ 13} On April 4, 2008, the State of Ohio supplemented its discovery response.
 {¶ 14} The case was set for adjudication on April 10, 2008.
 {¶ 15} The Licking County Court of Common Pleas, Juvenile Division continued the hearing for the reason that defense counsel had not been provided with full discovery.
 {¶ 16} On April 11, 2008, the State of Ohio again supplemented its discovery response.
 {¶ 17} On May 30, 2008, Appellant's attorney filed Mother's Submission of Clark County Justice Center's Letter of Availability to Supervise Probation.
 {¶ 18} On June 4, 2008, the juvenile admitted to the charges and the matter was set for disposition on July 18, 2008.
 {¶ 19} On June 5, 2008, the Guardian ad Litem filed a Motion for Legal Custody. In that Motion, the Guardian requested legal custody be granted to the juvenile's aunt, Wendy Stanzione.
 {¶ 20} On July 15, 2008, Appellant's attorney filed Appellant's Motion for Legal Custody.
 {¶ 21} On July 18, 2008, a dispositional hearing was held. At the conclusion of such hearing, the juvenile was placed in the temporary legal custody of his maternal grandmother, Sandra Peters. The juvenile was placed on reporting probation for one year subject to the standard terms and conditions of probation. The juvenile was ordered to write an apology letter, pay restitution, and write an essay. The juvenile was *Page 5 
also ordered to pay court costs. He became subject to no-contact orders and random drug and alcohol tests. The juvenile was ordered to undergo counseling and provide 40 hours of community service.
 {¶ 22} With regard to visitation with the juvenile, the trial court ordered Appellant be permitted to write letters to the juvenile through Probation Officer Ryan Bush.
 {¶ 23} It is from this decision Appellant-mother now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 24} "I. APPELANTS [SIC] DEPRIVATION OF RIGHTS ARE AGAINST THE MANIFEST WEIGHT OF EVIDENCE IN VIOLATION OF ARTICLE 1.01 BILL OF RIGHTS OF THE OHIO CONSTITUTION AND IN VIOLATION OF THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION."
 I. {¶ 25} In her sole assignment of error, Appellant-mother argues that the trial court's decision to place A.H. with his maternal grandmother was against the manifest weight of the evidence. We disagree.
 {¶ 26} R.C. Chapters 2151 and 2152 outline the juvenile court's authority to make dispositions regarding abused, neglected, dependent, and delinquent children.
 {¶ 27} R.C. § 2152.19(A) provides:
 {¶ 28} "(A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter: *Page 6 
 {¶ 29} "(1) Any order that is authorized by section 2151.353 of the Revised Code for the care and protection of an abused, neglected, or dependent child;* * *
 {¶ 30} (8) Make any further disposition that the court finds proper * * *."
 {¶ 31} R.C. § 2151.353, cited in R.C. § 2152.19(A), provides:
 {¶ 32} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
 {¶ 33} "(2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court;"
 {¶ 34} The overriding purposes for dispositions regarding juvenile delinquents are "to provide for the care, protection, and mental and physical development of children subject to this chapter, protect the public interest and safety, hold the offender accountable * * * restore the victim, and rehabilitate the offender." R.C. § 2152.01 (A). Dispositions must "be reasonably calculated to achieve the overriding purposes set forth in this section, commensurate with and not demeaning to the seriousness of the delinquent child's * * * conduct and its impact on the victim." R.C. § 2152.01(B). To the extent that they do not conflict with R.C. Chapter 2152, "the provisions of Chapter 2151. of the Revised Code apply to the proceedings under this chapter." R.C. § 2152.01(C).
 {¶ 35} In matters involving child custody, the welfare of the children remains "the primary, if not only, consideration." In re Pryor (1993),86 Ohio App.3d 327, 332, 620 N.E.2d 973. "When a court makes a custody determination under 2151.353, it must do so in accordance with the best interest of the child standard as set forth in *Page 7 
R.C. 3109.04." Memic, 2006-Ohio-6346, at ¶ 26 (citation omitted). "Under this standard, there is no definitive test or set of criteria for the court to apply, rather, a court `should consider the totality of the circumstances, including, to the extent they are applicable, the best interest factors set forth in R.C. 3109.04(F).'" Id. (citations omitted).
 {¶ 36} Among the applicable statutory factors the trial court considered in determining the A.H.'s best interest was "[t]he child's interaction and interrelationship with the child's parents, siblings, and any other person." R.C. § 3109.04(F)(1)(c).
 {¶ 37} "R.C. 2151.353 does not require a court to expressly consider or balance [the] factors in order for a custody award to be considered valid." Memic, 2006-Ohio-6346, at ¶ 31, citing Pryor,86 Ohio App.3d at 336, 620 N.E.2d 973.
 {¶ 38} In its judgment entry, the trial court concluded that it was in the juvenile's best interest that temporary legal custody be granted to his maternal grandmother.
 {¶ 39} A review of the record supports the trial court's conclusion.
 {¶ 40} Evidence was presented that Appellant, in addition to A.H., has five (5) other children, one of whom appears to have psychological issues. (T. at 20, 24). Testimony was presented that Appellant has moved (12) twelve times since A.H. was six years old, and that he had been enrolled in twelve (12) different schools in four (4) states. (T. at 53, 76). Appellant testified that at one point she and her children were living in a shelter. (T. at 64). Testimony was also presented that one of Appellant's boyfriends may have broken A.H.'s fingers. (T. at 60).
 {¶ 41} The juvenile, then fifteen years of age, stated his wishes were to remain with his grandmother. (T. at 8). He testified he would rather be placed in foster care than return to the home of Appellant. (T. at 9). Likewise, the recommendations of A.H.'s *Page 8 
attorney, the guardian ad litem, the probation department and the assistant prosecuting attorney, and A.H.'s aunt and uncle were that A.H. remain in the temporary legal custody of his grandmother. (T. at 85).
 {¶ 42} Additionally, the trial court considered the Interstate Compact for Placement of Children, which would require the consent of both state governors and both youth authorities before Appellant could be placed in Washington due to his having been adjudicated a delinquent and placed on probation in the State of Ohio. (T. at 18-19).
 {¶ 43} Based upon this evidence, we cannot conclude the trial court abused its discretion in awarding legal custody of A.H. to his maternal grandmother.
 {¶ 44} Appellant's sole assignment of error is overruled.
 {¶ 45} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
Wise, J. Farmer, P. J., and Gwin, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
Costs assessed to appellant. *Page 1